UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL DAVID HOLMAN,

          Petitioner,

v.

MATT MACAULEY,

          Respondent.

_____/

Case No. 1:19-cv-671

Honorable Janet T. Neff

## **OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies. The Court will also deny Petitioner's motion for a stay (ECF No. 3).

## Discussion

### I.  Factual allegations

Petitioner Michael David Holman is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan.  On November 26, 2014, a Muskegon County Circuit Court judge, found Petitioner guilty of two counts of first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b, and one count of second-degree criminal sexual conduct (CSC II), Mich. Comp. Laws § 750.520c.  On January 5, 2015, the court sentenced Petitioner as a habitual offender-fourth offense, Mich. Comp. Laws § 769.12, to concurrent terms of imprisonment of 33 to 50 years for each CSC I conviction and 9 to 30 years for the CSC II conviction.

On January 22, 2018, Petitioner filed his first habeas corpus petition.  *Holman v. Trierweiler*, No. 1:18-cv-86 (W.D. Mich.).  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on January 22, 2018.  (Pet., ECF No. 1, PageID.33.)
The petition raised 11 grounds for relief.  No. 1:18-cv-86 (Pet., ECF No. 1, PageID.6-29.)  It was dismissed for lack of exhaustion.  As the Court explained, before a court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the

exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner attempted to meet his burden of demonstrating exhaustion by submitting his Michigan Court of Appeals Standard 4 Supplemental Brief[1] and two applications for leave to appeal filed in the Michigan Supreme Court: one filed by counsel and one filed by Petitioner under Standard 4. Petitioner's Standard 4 filing in the Michigan Supreme Court revealed that he did not raise habeas issue XI, regarding witness Bernadette Stover, in the Michigan Court of Appeals. No. 1:18-cv-86 (Pet'r's Standard 4 Appl. for Leave to Appeal, ECF No. 1-1, PageID.130.) Because Petitioner did not raise the issue in the Michigan Court of Appeals, he failed to satisfy the exhaustion requirement.

Petitioner's initial petition was "mixed"—it included exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice might preclude future federal habeas review of the exhausted claims on timeliness grounds. To avoid this problem, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent

---

[1] Michigan Supreme Court Administrative Order 2004-6 sets forth minimum standards for indigent criminal appellate defense services. Standard 4 requires counsel to inform a defendant of his right to present claims that counsel will not present in a brief filed *in propria persona*. Mich. Admin. Order No. 2004-6.

petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

The *Palmer* court determined that dismissal of a mixed petition might jeopardize the timeliness of a subsequent petition where a petition had sixty or fewer days remaining in the period of limitation at the time the first petition is dismissed. At the time the Court reviewed the initial petition Petitioner had more than 60 days remaining in his period of limitation; accordingly, the Court dismissed the petition. The Court explained to Petitioner that 30 days was a reasonable time to permit him to file a motion for post-conviction relief with regard to his unexhausted claim. Once he filed such a motion, the period of limitation would be stayed. The Court also informed Petitioner that he could protect the timeliness of his exhausted claims by filing a petition containing only his exhausted claims at any time before the statute of limitation expired.

Petitioner returned to the trial court. He filed a motion for relief from judgment raising several new issues. Unfortunately, Petitioner did not file his motion within the thirty-day period that the Court had identified as reasonable; he waited more than two months, until April 25, 2018, to file his motion. At that time, only six days remained in Petitioner's period of limitation, at least with respect to Petitioner's exhausted claims.[2] The trial court denied relief on Petitioner's new claims on May 21, 2018. Petitioner thereafter sought leave to appeal in the Michigan Court of Appeals and then in Michigan Supreme Court. The Michigan Court of Appeals denied leave on April 19, 2019. The Michigan Supreme Court has not yet ruled on Petitioner's application.

---

[2] Petitioner claims that he did not discover and could not have discovered some of his new claims and that his period of limitation with respect to those claims should not commence running until his discovery of them.

4

Because the Michigan Supreme Court has yet to decide Petitioner's application, his new claims remain unexhausted. His new petition, which includes most of the exhausted claims from his first petition and several new claims from his motion for relief from judgment, is also mixed and, therefore, is properly dismissed. This time, however, Petitioner has only a few days remaining in his period of limitation. For that reason, he seeks a stay.

"District courts . . . ordinarily have the authority to issues stays . . . where such a stay would be a proper exercise of discretion . . . [;the] AEDPA does not deprive district courts of that authority . . . but it does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citations omitted). To maintain compatibility with the purposes of the AEDPA, stays are only appropriate where "there was good cause for the petitioner's failure to exhaust his claims[,]" where the claims are not "plainly meritless[,]" the stay is subject to "reasonable time limits[,]" and the petitioner has not been "dilatory" or engaged in "abusive litigation tactics[.]" *Id*. at 277-78.

Petitioner claims he has not been dilatory, but he has offered no explanation for delaying two months before filing his state-court motion when the Court previously informed Petitioner that 30 days would be a reasonable time. It is that delay that has left Petitioner with only 6 days remaining in his period of limitation. Those days will run when the Supreme Court proceeding is complete.

The Court concludes that this unexplained delay is not reasonable and that a stay is, therefore, properly denied. Petitioner's "mixed" petition is properly dismissed because it includes unexhausted claims. Should Petitioner decide to no longer pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies. The Court will also deny Petitioner's motion for a stay.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A judgment and order consistent with this opinion will be entered.


Dated:   September 4, 2019                              /s/ Janet T. Neff
                                                        Janet T. Neff
                                                        United States District Judge